MARGARET A. MOESER, Acting Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER, Chief, International Unit
JONATHAN BAUM, Senior Trial Attorney
JOSHUA SOHN, Trial Attorney
BARBARA LEVY, Trial Attorney
SEAN FERN, Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 353-9759
   Email:  Barbara.Levy@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-0142
   Email:  Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>REAL PROPERTY LOCATED IN PARIS, FRANCE TITLED IN THE NAME OF AVE RAPHAEL (PARIS) SCI,<br><br>        Defendant.<br>_____<br>AVE RAPHAEL (PARIS) SCI,<br><br>        Claimant. | No. 20-CV-05911-DSF (BFMx)<br><br>**STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE**<br><br>[The [PROPOSED] Consent Judgment Lodged Contemporaneously Herewith Is Dispositive of This Action] |

## I. INTRODUCTION

1. By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or "the government"); FFP (Directors) Limited, FFP (Corporate Services) Limited and FFP Trustee (NZ) Limited ("FFP"); the FFP-controlled claimant herein, Ave Raphael (Paris) SCI ("Claimant"); and beneficiaries Low Hock Peng, Goh Gaik Ewe, Low May Lin, Low Taek Szen, and Low Taek Jho (collectively, the "Low Family"), respectfully request that the Court enter the [Proposed] Consent Judgment of Forfeiture (the "[Proposed] Consent Judgment") lodged contemporaneously herewith, to carry into effect the terms of this stipulation (the "Stipulation"), which is dispositive of this action. This stipulation is being filed contemporaneously with a similar stipulation in a related action (the "Related Action," described more particularly below), which is also dispositive of the case in which it is being filed.

2. Nothing in this Stipulation or the [Proposed] Consent Judgment is intended to be or should be interpreted to constitute an admission of fault, guilt, liability and/or any form of wrongdoing on the part of FFP, the Claimant, and/or the Low Family, each of which expressly denies any fault, guilt, liability and/or any form of wrongdoing whatsoever.

3. Upon entry of the [Proposed] Consent Judgment, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, acknowledge and agree that they shall be bound by the terms of the [Proposed] Consent Judgment and the doctrines of *res judicata* and collateral

estoppel.  The entry of the [Proposed] Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the defendant in this action, Real Property Located in Paris, France titled in the name of Ave Raphael (Paris) SCI, including all appurtenances, improvements, and attachments thereon, as well as all leases, rents, and profits derived therefrom (the "Defendant Asset"), as they relate to FFP, the Claimant, or the Low Family, arising from any acts or omissions alleged in this action.  Nothing in this Stipulation or [Proposed] Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Asset.

4.   The Parties, collectively and individually, and with the authority and intent of their respective predecessors, assigns, subsidiaries, parent companies, and affiliated entities, have entered into this Stipulation in order to reach a global, comprehensive agreement that forever resolves this Action in its entirety.  A similar (and related) Stipulation and [Proposed] Judgment between the government and the respective FFP-controlled claimants are being filed/lodged in the following action (the "Related Action"): *United States v. One Painting Entitled "Colored Campbell's Soup Can (Emerald Green), 1965" by Andy Warhol and One Painting Entitled "Vetheuil au Soleil" by Claude Monet*, No 20-cv-05916-DSF-BFMx (C.D. Cal.). The FFP-controlled claimants in the Related Action are Simeto Ltd. and One Universe Art Ltd.

**II.  PROCEDURAL HISTORY**

5.  This action was commenced on July 1, 2020, against the Defendant Asset.  The government gave notice of the action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.

6.  The Claimant filed a timely claim for the Defendant Asset.  No other claims were filed, and the time for filing claims has expired.  Entry of the [Proposed] Consent Judgment will resolve all claims with respect to the Defendant Asset and is dispositive of this Action.

7.  FFP has obtained a New Zealand "blessing order" that authorizes FFP to forfeit or otherwise distribute the Defendant Asset in this Action and the defendant assets in the Related Action to the United States in accordance with the orders of this Court.[1]

**III.  JURISDICTION AND TERMS**

   **A.  Jurisdiction**

8.  The Parties agree that this Court has jurisdiction over the Parties and this action for purposes of this Stipulation.  The Parties further agree that the allegations set out in the operative complaint, if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Asset.

9.  Notwithstanding any other provision of this Stipulation or the [Proposed] Consent Judgment, the forfeiture of the Defendant

---

[1] The Parties acknowledge and agree that the completion of the terms of a Settlement Letter Agreement (defined below) is subject to FFP obtaining such a New Zealand "blessing order" and other protective order(s).

4

Asset does not constitute a fine, penalty, or punitive damages. All potential claimants to the Defendant Asset, other than FFP, the Claimant, and the Low Family, should be deemed to have admitted the allegations of the Complaint for purposes of this action only. The Parties agree that nothing contained in this Stipulation or the [Proposed] Consent Judgment is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by FFP, the Claimant, and/or the Low Family, each of which expressly denies any fault, guilty, liability, and/or any form of wrongdoing whatsoever.

**B.   Terms**

10.   Upon entry of the [Proposed] Consent Judgment, all right, title, and interest of FFP, the Claimant, and the Low Family concerning the Defendant Asset shall be immediately forfeited to the United States, and no other right, title, or interest shall exist therein, unless provided in this Stipulation.

11.   The [Proposed] Consent Judgment provides that in consideration of the government's release of any civil, criminal, and administrative asset forfeiture actions or proceedings against certain FFP-controlled assets[2] which are not a part of this action or the Related Action, identified in footnote 2 herein, and the release of additional funds (the "Additional Funds"), which, together with the value of the financial accounts identified in footnote 2, cumulatively total USD $3,500,000 (the "Released Funds"), FFP, the

---

[2]   These assets consist of one (1) financial account held by Global One Aviation (Global 5000) Ltd known to the Parties; one (1) financial account held by Oriole Drive (LA) LLC known to the Parties; and furniture currently located within the Defendant Asset.

Claimant, and the Low Family shall: (1) forfeit to the government any right, title or interest in the Defendant Asset here and the defendant assets in the Related Action, and (2) comply with all of the terms of the executed settlement letter agreement dated May 31, 2024 (the "Settlement Letter Agreement"), entered into by the Parties, including taking all executory actions described therein. The terms of the Settlement Letter Agreement are incorporated herein by reference.[3]

12. FFP shall be entitled to dispose of the assets listed in footnote 2 of this Stipulation as of the later date of entry of the [Proposed] Consent Judgment in this Action or the [Proposed] Consent Judgment in the Related Action, in accordance with paragraph 14 of this Stipulation.

13. The Additional Funds shall be drawn from a portion of the net sale proceeds received by the United States Marshals Service from the sale of the Defendant Asset, or, if such proceeds are insufficient, then the balance of the Additional Funds shall be drawn from other assets as identified in clause V.(2) of the Settlement Letter Agreement. The Additional Funds shall be transferred to one or more account(s) as directed by Bird, Marella, Rhow, Lincenberg, Drooks, & Nessim LLP ("Bird Marella"), who shall provide any reasonable information required, including personal identification information required by federal law or regulation, and complete all documents required to facilitate such payment. The payment of the Additional Funds shall be made in accordance with clause V.(2) of the

---

[3] A copy of the Settlement Letter Agreement is attached hereto as Attachment A.

Settlement Letter Agreement.  For purposes of clause V.(2) of the Settlement Letter Agreement, a sale shall be considered "completed" after the sales proceeds have been released from escrow.

14.  The Released Funds, i.e., the total value of the financial accounts listed in footnote 2 of this Stipulation and the Additional Funds, shall be applied in their entirety solely to pay for FFP's outstanding professional and legal fees and costs relating to the Defendant Asset, this action, the Related Action, law enforcement actions in France, Singapore, and/or Switzerland concerning the Defendant Asset, the defendant assets in the Related Action, the assets identified in the Letter Agreement, and/or the New Zealand proceedings described above.  Under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to the Claimant, or the Low Family.  For the avoidance of doubt, the application, and/or use of the Released Funds as payment of professional and legal fees and costs relating to the Defendant Asset, this action, the Related Action, law enforcement actions in France, Singapore, and/or Switzerland concerning the Defendant Asset,  the defendant assets in the Related Action, the assets identified in the Letter Agreement, and/or the New Zealand proceedings described above, including for use as payment of future legal fees and costs incurred on behalf of FFP to implement the Order entered pursuant to this Stipulation, shall not itself be considered a remittance, credit, and/or benefit whatsoever, directly or indirectly, to the Claimant, or the Low Family.

15. The Parties agree that violation of any of the terms of the Settlement Letter Agreement, including remitting and/or crediting back any portion of the funds released to FFP pursuant to this Consent Judgment or the Released Funds, either in whole or in part, directly, or indirectly, to the Claimant or the Low Family, would constitute a material breach of the [Proposed] Consent Judgment and, notwithstanding any other provision of the [Proposed] Consent Judgment, would entitle the government to seek, and this Court to impose, any remedy or sanction authorized by law or equity.

16. With the exception of the foregoing conditions, and consistent with the doctrines of *res judicata* and collateral estoppel, the entry of the [Proposed] Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Released Funds or any interest earned on the Released Funds as they relate to FFP, the Claimant, or the Low Family, arising from any acts or omissions alleged in this Action, the Related Action, and in connection with the assets identified in the Settlement Letter Agreement.

17. Furthermore, and with the exception of the aforementioned conditions, the government agrees that upon entry of the [Proposed] Consent Judgment, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall not now nor in the future institute any action against Bird Marella or Kasowitz Benson and Torres LLP, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the assets listed in footnote 2 of the Stipulation, or any

interest earned on such assets, for any acts or omissions relating to such assets and preceding the date of receipt of such assets.

18. The government shall dispose of the Defendant Asset according to law. FFP, the Claimant, and the Low Family acknowledge that the disposition of the Defendant Asset, including the net proceeds of any sale of the Defendant Asset, is within the sole discretion of the United States Department of Justice. FFP, the Claimant, and the Low Family further acknowledge that the forfeiture of the Defendant Asset cannot be applied to satisfy any liability owed by FFP, the Claimant, or the Low Family not identified in this Stipulation, the Settlement Letter Agreement, or the [Proposed] Consent Judgment.

**C. Other Terms**

19. FFP, the Claimant, and the Low Family agree that they will not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Asset. Upon request of the government, FFP, the Claimant, and the Low Family agree to reasonably cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims contesting the forfeiture of the Defendant Asset, including the disposition thereof, and in connection with any disputes relating to the operation and maintenance of the Defendant Asset concerning or during the period prior to the date of this Stipulation.

20. For the avoidance of doubt, the following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against FFP, the Claimant, or the Low Family by third

parties seeking to recover the Defendant Asset (or any substitute *res*) following the Court's entry of the applicable [Proposed] Consent Judgment; and (2) judicially mandated compliance by FFP, the Claimant, and/or the Low Family with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this paragraph shall require FFP, the Claimant, or the Low Family to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

21.  By signatures of their attorneys hereunder, FFP, the Claimant, and the Low Family release the government, its agencies, agents, officers, and attorneys, including employees and agents of the Federal Bureau of Investigation, Internal Revenue Service, and the Department of Justice, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Defendant Asset and the commencement of this action, including any claim for attorneys' fees or costs which may be asserted on behalf of FFP, the Claimant, or the Low Family against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  If FFP, the Claimant, or the Low Family, or any of them, submitted a petition for remission in this action, such petitions are hereby withdrawn, and FFP, the Claimant, and the Low Family waive any rights they may have, individually or collectively, to seek remission or mitigation of the forfeiture of the Defendant Asset in this action.

22.  The Parties stipulate and agree that the government may request production of documents and/or information relating to the Defendant Asset for purposes of management and liquidation, and that

FFP and the Claimant shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt. FFP and the Claimant further agree to execute any additional documents, or otherwise request that third parties execute any additional documents, required by French authorities for the purposes of management and liquidation.

23. The Parties stipulate and agree that the Court's entry of the [Proposed] Consent Judgment shall be the final and complete satisfaction of all claims asserted by the government and FFP, the Claimant, and the Low Family as relates to this action.

24. The Parties further acknowledge and agree that in effectuating the terms of this Stipulation and the [Proposed] Consent Judgment of Forfeiture lodged contemporaneously herewith, the Parties shall act in accordance with the laws and regulations of the foreign jurisdiction(s) in which the Defendant Asset is located insofar as such laws and regulations are consistent with U.S. law.

25. Should any dispute arise about the interpretation of or compliance with the terms of this Stipulation, including the terms of the incorporated Settlement Letter Agreement, or resulting Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve a dispute, either party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Stipulation and [Proposed] Consent Judgment.

26. The Parties agree that this Stipulation is entered into for the sole purpose of serving as a global, comprehensive resolution agreement forever resolving the competing interests of the Parties limited to the Defendant Asset in this Action, the defendant assets in the Related Action, and the assets identified in the Settlement Letter Agreement, so as to avoid the expenses and risks associated with continued litigation in this Action, the Related Action, and in connection with the assets identified in the Settlement Letter Agreement. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and forfeiture of the Defendant Asset in a manner consistent with the terms of this Stipulation.

Dated: June 14, 2024

Respectfully submitted,

MARGARET A. MOESER
Acting Chief, MLARS

E. MARTIN ESTRADA
United States Attorney

  /s/
BARBARA Y. LEVY
SEAN M. FERN
Trial Attorneys, MLARS

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: June 14, 2024        /s/ [by e-mail confirmation]
EKWAN E. RHOW
OLIVER ROCOS
Bird, Marella, Rhow, Lincenberg, Drooks, & Nessim LLP

Attorneys for FFP and the Claimant AVE RAPHAEL (PARIS) SCI

Dated: June 14, 2024        /s/ [by e-mail confirmation]
ROBIN RATHMELL
JASON M. SHORT
Kasowitz Benson Torres LLP

Attorneys for the Low Family