JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>REAL PROPERTY LOCATED IN PARIS, FRANCE TITLED IN THE NAME OF AVE RAPHAEL (PARIS) SCI,<br><br>       Defendant. | No. 20-CV-05911-DSF (BFMx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |
|---|---|

**I.   INTRODUCTION**

1.   Plaintiff United States of America ("United States" or "the government") and claimant Ave Raphael (Paris) SCI ("Claimant") (collectively, together with certain non-claimants who have agreed to be bound by this Judgment[1], the "Parties"), have made a stipulated request for the entry of this Consent Judgment (the "Stipulation"), which is dispositive of this action due to the lack of presence of other claimants.

---

[1] The non-claimant parties to the Stipulation seeking entry of this Judgment are FFP (Directors) Limited, FFP (Corporate Services) Limited and FFP Trustee (NZ) Limited (collectively "FFP") and beneficiaries Low Hock Peng, Goh Gaik Ewe, Low May Lin, Low Taek Szen, and Low Taek Jho (collectively, the "Low Family").

2.  This action was commenced on July 1, 2020, against the defendant asset in this action, Real Property Located in Paris, France titled in the name of Ave Raphael (Paris) SCI, including all appurtenances, improvements, and attachments thereon, as well as all leases, rents, and profits derived therefrom (the "Defendant Asset"). The government gave notice of the action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.

3.  The Claimant filed a timely claim for the Defendant Asset. No other claims were filed, and the time for filing claims has expired.

4.  A similar (and related) stipulation has been filed by the government, FFP, FFP-controlled claimants Simeto Ltd. and One Universe Art Ltd., and the Low Family in the following related action (the "Related Action"): *United States v. One Painting Entitled "Colored Campbell's Soup Can (Emerald Green), 1965" by Andy Warhol and One Painting Entitled "Vetheuil au Soleil" by Claude Monet*, No 20-cv-05916-DSF-BFMx (C.D. Cal.).

5.  FFP has obtained a New Zealand "blessing order" that authorizes FFP to forfeit or otherwise distribute the Defendant Asset in this Action and the defendant assets in the Related Action to the United States in accordance with the orders of this Court.

**II.  FINDINGS**

The Court, having considered the Stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

**Jurisdiction**

6.  For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and this action.  The government gave

2

notice of the action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. If taken as true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Asset.  All potential claimants to the Defendant Asset, other than FFP, the Claimant, and the Low Family, are deemed to have admitted the allegations of the Complaint.

    7.   Nothing contained in this Consent Judgment or the underlying Stipulation is intended to be or should be interpreted to constitute an admission of guilt, fault, liability and/or any form of wrongdoing on the part of FFP, the Claimant, or the Low Family. Furthermore, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, acknowledge and agree that they shall be bound by the terms of this Consent Judgment and the doctrines of *res judicata* and collateral estoppel.  The entry of this Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Defendant Asset, as they relate to FFP, the Claimant, or the Low Family, arising from any acts or omissions alleged in this action.  Nothing in this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Asset. The Defendant Asset shall be disposed of as provided herein.

**Terms**

8.  Upon entry of this Consent Judgment, all right, title and interest of FFP, the Claimant, and the Low Family concerning the Defendant Asset shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment.

9.  The government shall dispose of the Defendant Asset according to law. The forfeiture of the Defendant Asset cannot be applied to satisfy any liability owed by FFP, the Claimant, or the Low Family not identified in this Consent Judgment, the Stipulation, or the executed settlement letter agreement attached to the Stipulation as Attachment A (the "Settlement Letter Agreement").

10. The government shall release any civil, criminal, and administrative asset forfeiture actions or proceedings against certain FFP-controlled assets identified in footnote 2 of the Stipulation which are not a part of this action or the Related Action. FFP shall be entitled to dispose of such assets as of the later date of: (1) the entry of this Consent Judgment or (2) the entry of the Consent Judgment in the Related Action, in accordance with paragraph 13 of this Consent Judgment.

11. The government shall further release an additional total sum (the "Additional Funds"), which, together with the value of the financial accounts identified in footnote 2 of the Stipulation, cumulatively total USD $3,500,000 (the "Released Funds") as additional consideration for the forfeiture of the Defendant Asset in this Action, the defendant assets in the Related Action, and the satisfaction of the terms of the Settlement Letter Agreement.

4

12. The Additional Funds shall be drawn from a portion of the net sale proceeds received by the United States Marshals Service from the sale of the Defendant Asset, or, if such proceeds are insufficient, then the balance of the Additional Funds shall be drawn from other assets as identified in clause V.(2) of the Settlement Letter Agreement. The Additional Funds shall be transferred to one or more account(s) as directed by Bird, Marella, Rhow, Lincenberg, Drooks, & Nessim LLP ("Bird Marella"), who shall provide any reasonable information required, including personal identification information required by federal law or regulation, and complete all documents required to facilitate such payment.  The payment of the Additional Funds shall be made in accordance with clause V.(2) of the Settlement Letter Agreement.  For purposes of clause V.(2) of the Settlement Letter Agreement, a sale shall be considered "completed" after the sales proceeds have been released from escrow.

13. The Released Funds, i.e., the total value of the assets listed in footnote 2 of the Stipulation and the Additional Funds, shall be applied in their entirety solely to pay for FFP's outstanding professional and legal fees and costs relating to the Defendant Asset, this action, the Related Action, law enforcement actions in France, Singapore, and/or Switzerland concerning the Defendant Asset, the defendant assets in the Related Action, the assets identified in the Letter Agreement, and/or the New Zealand proceedings described above.  Under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to the Claimant, or the Low Family.  For the avoidance of doubt, the application, and/or use of

5

the Released Funds as payment of professional and legal fees and costs relating to the Defendant Asset, this action, the Related Action, law enforcement actions in France, Singapore, and/or Switzerland concerning the Defendant Asset, the defendant assets in the Related Action, the assets identified in the Letter Agreement, and/or the New Zealand proceedings described above, including for use as payment of future legal fees and costs incurred on behalf of FFP to implement the Order entered pursuant to this Stipulation, shall not itself be considered a remittance, credit, and/or benefit whatsoever, directly or indirectly, to the Claimant, or the Low Family.

14. The Parties agree that violation of any of the terms of the Settlement Letter Agreement, including remitting and/or crediting back any portion of the funds released to FFP pursuant to this Consent Judgment or the Released Funds, either in whole or in part, directly or indirectly, to the Claimant or the Low Family, would constitute a material breach of this Consent Judgment and, notwithstanding any other provision of this Consent Judgment, would entitle the government to seek, and this Court to impose, any remedy or sanction authorized by law or equity.

15. With the exception of the foregoing conditions, and consistent with the doctrines of *res judicata* and collateral estoppel, the entry of this Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Released Funds or any interest earned on the Released Funds as they relate to FFP, the Claimant, or the Low Family, arising from any acts or omissions alleged in this

Action, the Related Action, and in connection with the assets identified in the Settlement Letter Agreement.

16.  Furthermore, and with the exception of the aforementioned conditions, upon entry of this Consent Judgment, the U.S. Attorney's Office for the Central District of California and United States Department of Justice, Criminal Division, agree that they shall not now nor in the future institute any action against Bird Marella or Kasowitz Benson and Torres LLP, or seek the seizure, freezing, return, forfeiture, or restraint of any of the assets listed in footnote 2 of the Stipulation, or any interest earned on such assets, for any acts or omissions relating to such assets and preceding the date of receipt of such assets.

## Other Terms

17.  FFP, the Claimant, and the Low Family shall not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Asset against which forfeiture is sought in connection with the acts alleged in the operative complaint in the Action.  Upon request of the government, FFP, the Claimant, and the Low Family agree to reasonably cooperate with the government in endorsing the effectiveness of this Consent Judgment and Stipulation when responding to any claims contesting the forfeiture of the Defendant Asset, including the disposition thereof, and in connection with any disputes relating to the operation and maintenance of the Defendant Asset concerning or during the period prior to the date of the Stipulation.

18. The following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against FFP, the Claimant, or the Low Family by third parties seeking to recover the Defendant Asset (or any substitute *res*) following the Court's entry of this Consent Judgment; and (2) judicially mandated compliance by FFP, the Claimant, and/or the Low Family with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this paragraph shall require FFP, the Claimant, or the Low Family to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

19. The government may request production of documents and/or information relating to the Defendant Asset for purposes of management and liquidation, and that FFP and the Claimant shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt. Additionally, FFP and the Claimant shall make good faith efforts to execute any additional documents, or otherwise request that third parties execute any additional documents, required by French authorities for the purposes of management and liquidation.

20. The entry of this Consent Judgment shall be the final and complete satisfaction of all claims asserted by the government and FFP, the Claimant, and the Low Family as relates to the Defendant Asset in this action.

21. In effectuating the terms of this Consent Judgment, the Parties shall act in accordance with the laws and regulations of the foreign jurisdiction(s) in which the Defendant Asset is located insofar as such laws and regulations are consistent with U.S. law.

22. Should any dispute arise about the interpretation of or compliance with the terms of the Stipulation, including the terms of the incorporated Settlement Letter Agreement, or this Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve a dispute, either Party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

23. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and forfeiture of the Defendant Asset in a manner consistent with the terms of this Consent Judgment.

IT IS SO ORDERED.

DATED: June 24, 2024

*Dale S. Fischer*
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE